Filed 10/16/15  In re R.B. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re R.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. R.B., Defendant and Appellant. | A145141 (Contra Costa County Super. Ct. No. J13-00138) |

R.B. appeals from an order declaring her a ward of the juvenile court and committing her to placement at the Children's Home of Stockton.  Her counsel raises no issues and asks this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was apprised of her right to file a supplemental brief but did not do so.

On February 1, 2013, a Welfare and Institutions Code[1] section 602 petition was filed charging defendant, then age 12, with battery on a school employee (Pen. Code, §§ 242/243.6) and misdemeanor assault by force likely to produce great bodily injury on a classmate (Pen. Code, § 245, subd. (a)(4)).  The charges stemmed from an argument defendant had with a classmate, her attempt to stab him with scissors, and an altercation with a school employee who tried to stop the fight.

_____

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

Defendant admitted the misdemeanor assault and an amended misdemeanor battery count. The court adjudged defendant a ward of the court and placed her on probation.

On April 14, 2014, a notice of probation violation was filed alleging that defendant violated probation by threatening and slapping another student. (§ 777.) Defendant admitted violating probation. The court ordered that defendant be detained in juvenile hall pending the next hearing. On April 17, 2014, the court vacated that order and placed defendant on home supervision pending the disposition hearing on the probation violation. On May 13, 2014, the court continued defendant as a ward of the court and placed her on home supervision. The court also ordered that as a condition of probation, defendant was not to incur two or more unexcused absences or tardies from school.

On May 29, 2014, a second probation violation notice was filed alleging that defendant violated probation by being suspended from school for attempting to fight another student and using profanity toward school staff. On May 30, 2014, defendant admitted violating probation; the court ordered her detained in juvenile hall pending the next hearing. On June 13, 2014, the court ordered that defendant be placed on home supervision on conditions including parent/teen counseling and multi-systemic therapy.

A third notice of probation violation was filed on August 14, 2014 alleging that defendant tested positive for marijuana. On August 19, 2014, defendant admitted the violation. The court continued defendant on home supervision pending the disposition hearing. On September 26, 2014, the court continued defendant as a ward of the court, and ordered that she spend two weekends in juvenile hall and that she complete substance abuse treatment.

A fourth notice of probation violation was filed on November 24, 2014 alleging that defendant incurred 14 unexcused absences or tardies at school. Defendant denied the allegations. The court continued the matter to February 27, 2015 for a contested hearing.

On February 26, 2015, a fifth notice of probation violation was filed alleging that defendant ran away from home for five days and incurred at least one additional

2

unexcused tardy and unexcused absence from school. On February 27, 2015, defendant admitted violating probation as alleged in the February 26 notice. The court dismissed the probation violations alleged in the notice of November 24, 2014. The court ordered that defendant be drug tested during the hearing. The test results were positive for marijuana. The court thereafter ordered that defendant be detained in juvenile hall pending disposition.

On March 13, 2015, the court ordered that defendant be continued as a ward of the court and ordered that she be placed in a suitable program such as Charis, Family Life Center, or Children's Home of Stockton. On May 6, 2015, defendant was placed in Children's Home of Stockton.

Defendant was represented by counsel and received a fair hearing. Substantial evidence supports the court's findings. There was no error in the disposition. There are no meritorious issues to be argued.

The disposition order is affirmed.


_____

Rivera, J.


We concur:


_____

Ruvolo, P.J.


_____

Reardon, J.